UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANGELO DUFF, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-230 |
| | ) | (VARLAN/GUYTON) |
| OAK RIDGE, TENNESSEE, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment [Doc. 41] and plaintiff's Motion to Compel Testimony and Materials Related to that Testimony [Doc. 42]. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, plaintiff requests that the Court allow him more time to respond to defendant's motion for summary judgment [Doc. 41]. Pursuant to Rule 37(a)(2)(B)(i) of the Federal Rules of Civil Procedure, plaintiff moves the Court to require defendant Matthew Tedford ("Tedford") "to answer any questions concerning his Grand Jury testimony and provide any materials related to that testimony in the prosecution of Angelo Duff, which is the underlying subject matter of this case" [Doc. 42].

Defendants Oak Ridge, Tennessee, Oak Ridge Police Department, Chief David Beams, Brad Jenkins, and Tedford (the "defendants") filed a response in opposition [Doc. 43]. No reply was filed, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. The Court has carefully considered the motions and, for the reasons explained herein,

will deny plaintiff's motion for an extension of time and deny without prejudice plaintiff's motion to compel.

I.  **Background**

This action was commenced in the Circuit Court for Anderson County, Tennessee on May 3, 2010 [Doc. 1-1]. On May 21, 2010, the action was removed to this Court [Doc. 1]. Plaintiff thereafter filed an amended complaint [Doc. 16]. Plaintiff's claims relate to the allegedly unlawful arrest of plaintiff by the Oak Ridge Police Department on August 18, 2007 [*Id.*]. On July 15, 2011, defendants filed a motion for summary judgment [Doc. 36].[1] No timely response to the motion for summary judgment was filed. Rather, plaintiff filed the motion for an extension to respond on August 18, 2011.

II.  **Analysis**

A.  **Motion for Extension of Time**

Plaintiff claims that his counsel sent defendants' counsel a letter on July 26, 2011, requesting discovery that was previously requested during Tedford's deposition [Doc. 41]. Plaintiff's counsel informed defendants' counsel that plaintiff could not properly respond to the motion for summary judgment without the discovery [*Id.*]. Defendants' counsel responded on July 29, 2011, by providing videos that plaintiff previously requested [*Id.*].

Plaintiff also informs the Court that, pursuant to the pending motion to compel [Doc. 42], plaintiff seeks the Court to require Tedford to answer questions about his grand jury

---

[1]The Court will consider defendants' motion for summary judgment in a separate order.

2

testimony underlying this lawsuit [*Id.*]. Plaintiff claims he cannot properly respond to defendants' motion for summary judgment without such testimony [*Id.*].

Plaintiff's motion seeks relief pursuant to Rule 56(d) of the Federal Rules of Civil Procedure [Doc. 41]. The rule provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). As defendants point out, however, more pertinent to plaintiff's request is Rule 6(b)(1)(B), which provides: "When an act may or must be done within a specified time, the court may, for good cause extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

### 1. Rule 6(b)(1)(B)

Before addressing Rule 6(b)(1)(B), the Court notes that, although defendants are correct that the time for plaintiff to respond to the motion for summary judgment expired prior to plaintiff's filing of the motion for an extension, their submitted deadline for filing a response is incorrect. Pursuant to the local rules of this Court, a party has twenty-one days in which to respond to a dispositive motion. E.D. Tenn. L.R. 7.1(a). Thus, and in accordance with Rule 6(a), which governs the computation of time, plaintiff's response was

3

due on August 5, 2011. An additional three days, however, is added after the period would otherwise expire under Rule 6(a) if service is made pursuant to Rule 5(b)(2)(C), (D), (E) or (F). Fed. R. Civ. P. 6(d). Service here was made pursuant to the Court's electronic case filing system [*see* Doc. 36], thus, three days are added, making plaintiff's response due on August 8, 2011. *See* Fed. R. Civ. P. 5(b); E.D. Tenn. L.R. 5.2. Again, plaintiff's motion for an extension of time was filed on August 18, 2011.

In assessing whether excusable neglect exists, the Court must make an equitable determination based upon (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (employing factored analysis). The Sixth Circuit has cautioned that excusable neglect is a "strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006) (citation omitted).

With respect to the first factor, the Court finds there is danger of prejudice to plaintiff if the motion for an extension is not granted because plaintiff will not be able to respond to a dispositive motion, which seeks to dismiss all of plaintiff's claims against defendants.

4

With respect to the second, third, and fourth factors, the Court recognizes that plaintiff waited ten days after the deadline for responding to request an extension of time. The Court also notes that plaintiff provides no reason for the delay. Plaintiff, rather, argues that additional discovery is needed to respond to the motion for summary judgment. It seems plaintiff came to believe that such discovery would be necessary to respond to the motion no later than July 26, 2011—the date on which plaintiff's counsel sent defendants' counsel a letter requesting discovery that was requested during Tedford's deposition—or thirteen days before the deadline for responding to the motion for summary judgment [*See* Doc. 41]. Moreover, it seems that plaintiff knew that he might need to file a motion for the grand jury testimony after defense counsel objected to questioning about the testimony during Tedford's deposition, which was taken on June 3, 2011 [*See* Docs. 42, 42-1]. The Court therefore finds that the delay was well within the reasonable control of plaintiff.

Finally, with respect to the fifth factor, although the Court does not find plaintiff acted in bad faith, it cannot conclude plaintiff acted in good faith in waiting until ten days after the deadline for responding to the motion for summary judgment to ask for an extension, even though the facts upon which the motion is based, that is, that plaintiff needs additional discovery to properly respond, were known at least, if not more than, twenty-three days earlier.

Accordingly, and in light of the strict standard governing requests of this nature, the Court finds plaintiff's neglect inexcusable and denies relief pursuant to Rule 6(b)(1)(B).

## 2. Rule 56(d)

Even considering plaintiff's request pursuant to Rule 56(d),[2] the Court would deny plaintiff's request for an extension to respond so that he may seek additional discovery. When a summary judgment motion is filed, the party opposing the motion may, by affidavit under Rule 56(d), explain why he or she is unable to present facts essential to justify the party's opposition to the motion. *See* Fed. R. Civ. P. 56(d); *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). "The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Bare allegations or vague assertions of the need for additional time for discovery are not enough. *United States v. Cantrell*, 92 F. Supp. 2d 704, 717 (S.D. Ohio 2000) (citing *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 409 (6th Cir. 1998)). A party must state with "some precision the materials he hopes to obtain with further discovery, and exactly how he expects those

---

[2] Rule 56 was amended in 2010. Subsection (f), which was moved to subsection (d), provided:

> (f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

6

Case 3:10-cv-00230-TAV-HBG   Document 44   Filed 09/19/11   Page 6 of 10   PageID #: 347

materials would help him in opposing summary judgment." *Summers*, 368 F.3d at 887 (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)) (internal quotation marks omitted).

The Court finds plaintiff's affidavit fails to make a sufficient showing to warrant the relief requested. The only affidavit filed in connection with plaintiff's motion is an affidavit of plaintiff's attorney, which merely states that he believes the motion for an extension to be true to the best of his knowledge and belief [Doc. 41-1]. The motion, likewise, does not provide any information why Tedford's grand jury testimony is needed or what it will likely uncover. *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000) ("Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.").

Even if the Court were to consider the motion to compel—which was filed contemporaneously with the motion for an extension—in support of plaintiff's request, the Court would not find Rule 56(d) relief warranted. In his motion to compel, plaintiff notes that defendants assert, in their motion for summary judgment, that plaintiff's § 1983 claims are without merit because the indictment returned against plaintiff constitutes prima facie evidence of probable cause [Doc. 42]. Plaintiff does not dispute defendants' statement of the law, but argues that "a § 1983 malicious prosecution may survive an Indictment when an Indictment was obtained by the use of false testimony or misrepresentations by the defendant law enforcement officials" [*Id.*].

7

Despite having the opportunity to ask Tedford about the facts and events that culminated in plaintiff's arrest during his deposition, plaintiff does not give the Court any basis to even infer that Tedford's grand jury testimony was false or that Tedford made misrepresentations to the grand jury. "Rule 56(d) does not permit a 'fishing expedition,' in which one party simply hopes to uncover some evidence that may help its case," *Peltier v. Macomb Cnty.*, No. 10-CV-10796, 2011 WL 3320743, at *2 (E.D. Mich. Aug. 2, 2011) (citations omitted), and it seems plaintiff is on such an expedition, hoping that he may uncover some falsity in Tedford's grand jury testimony without stating any reason to believe it is there.

For all these reasons, the Court finds plaintiff's Rule 56(d) request unwarranted.

**B.     Motion to Compel**

As noted, pursuant to Rule 37(a)(3)(B)(i) of the Federal Rules of Civil Procedure, plaintiff moves the Court to order Tedford "to answer any questions concerning his Grand Jury testimony and provide any materials related to that testimony in the prosecution of Angelo Duff, which is the underlying subject matter of this case" [Doc. 42]. As part of their response, defendants submit that plaintiff has failed to comply with paragraph 3(i) of the Court's Scheduling Order, which necessitates denial of the motion [Doc. 43].

Upon review of the motion and defendants' response, the Court observes that plaintiff has not indicated full compliance with paragraph 3(i) of the Court's Scheduling Order

entered in this case [Doc. 20].[3] As defendants discuss, although it is arguable that plaintiff has made an attempt to meet and/or confer in an attempt to resolve the discovery dispute given plaintiff's objection during Tedford's deposition, at the time plaintiff filed the motion to compel, a conference with the magistrate judge assigned to this case had not been proposed or scheduled by plaintiff's counsel [*See* Doc. 43]. Accordingly, plaintiff's motion to compel will be denied without prejudice with leave to refile the same after the parties properly comply with the requirements for addressing discovery disputes as set forth in paragraph 3(i) of the Scheduling Order. Any further such motion to compel shall indicate compliance with paragraph 3(i) of the Scheduling Order.

---

[3]Paragraph 3(i) provides:

> **Discovery Disputes**: Discovery disputes shall be resolved in the following manner:
>
> (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention;
>
> (2) If the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by conference with the Magistrate Judge assigned to this case, which conference shall be by telephone or in court, at the discretion of the Magistrate Judge, who also shall have the discretion to make findings and enter an order on the dispute; and
>
> (3) If, and only if, the parties' dispute is unresolved following the conference with the Magistrate Judge, the parties may file appropriate written motions with the Court, which may be referred to the Magistrate Judge. Any written motions regarding discovery shall include a certification of compliance with steps one (1) and two (2) above as well as the written certification required by Rule 37(a)(1), if applicable.

[Doc. 20].

9

### III. Conclusion

For the reasons explained herein, the Court hereby **DENIES** plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment [Doc. 41] and **DENIES WITHOUT PREJUDICE** plaintiff's Motion to Compel Testimony and Materials Related to that Testimony [Doc. 42].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE