UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANGELO DUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:10-CV-230 |
| ) | (VARLAN/GUYTON) |
| OAK RIDGE, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on Defendants Oak Ridge, Tennessee, Oak Ridge Police Department, Chief David Beams, Brad Jenkins, and Matthew Tedford's Motion for Summary Judgment [Doc. 36]. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants Oak Ridge, Tennessee, Oak Ridge Police Department, Chief David Beams, Brad Jenkins, and Matthew Tedford (the "defendants") move for summary judgment on all issues raised against them by plaintiff in the amended complaint [*Id*]. After plaintiff's time to respond expired, plaintiff moved the Court for an extension of time to respond [Doc. 41], which the Court denied [Doc. 44]. After careful consideration, and for the reasons explained herein, the Court will grant defendants' motion for summary judgment in part and remand this case to state court.

**I.     Background**

    **A.     Procedural History**

Plaintiff filed suit in the Circuit Court for Anderson County, Tennessee on May 3, 2010, and defendants removed the action to this Court on May 21, 2010 [Doc. 1]. After receiving leave of Court, plaintiff filed an amended complaint [Doc. 16]. Plaintiff alleges that defendants

recklessly arrested and prosecuted him and that the Oak Ridge Police Department failed to have adequate guidelines and policies in place to prevent false arrests [*Id.*]. Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983, alleging the actions of defendants deprived him "of his right to be secure in his person and property, to be free from arrest except upon a showing of probable cause, supported by oath or affirmation, not to be deprived of liberty without due process of law, all as guaranteed under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution" [*Id.*]. Plaintiff also asserts various state-law claims, including invasion of privacy, false arrest, malicious prosecution, outrageous conduct, assault, and in the alternative, negligence pursuant to the Tennessee Governmental Tort Liability Act [*Id.*].

   B.   **Undisputed Facts**[1]

In Spring 2007, the City of Oak Ridge Police Department began an operation against the selling and purchasing of illegal narcotics in the City of Oak Ridge, which was called "Operation

---

[1]Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure:

> If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

As plaintiff failed to respond to the motion for summary judgment, the Court considers the facts set forth in defendants' memorandum of law in support of their motion undisputed.

2

Case 3:10-cv-00230-TAV-HBG   Document 46   Filed 09/22/11   Page 2 of 9   PageID #: 359

Crackdown" [Doc. 36-11 7:12–21]. Pursuant to Operation Crackdown, undercover police officers, including Officer Sherry Selby ("Officer Selby") with the Oak Ridge Police Department, made multiple buys from multiple sellers [Doc. 36-11 7:19–25; Doc. 36-10 9:2–5]. Particularly relevant to this case is the purchase Officer Selby made on April 17, 2007, at approximately 2:27 p.m., of what she thought was twenty dollars worth of crack cocaine from a black male [Doc. 36-10 12:9–18; Doc. 36-1]. The purchase was made on South Benedict Avenue in Oak Ridge, and was captured by an undercover audio-video system [Doc. 36-1; Doc. 40].

After making the purchase, the undercover officer met with the narcotics unit at a prearranged location where the purported crack cocaine was taken from the undercover agent and turned over to the Oak Ridge Police Department Narcotics Division [Doc. 36-11 14:11–16]. Approximately thirty minutes later, Officer Selby, Officer Matt Tedford ("Officer Tedford"), and fellow narcotics unit Officer Jacque Coleman ("Officer Coleman"), reviewed the video of the buy at the police drug office [Doc. 36-11 13:16–23]. While Officer Selby was cleaning up, Officers Tedford and Coleman both stated their belief that the person in the video was plaintiff [*Id.* at 15:3–22, 17:1–7]. Officer Coleman had known plaintiff since plaintiff was a child and Officer Tedford recognized plaintiff from dealing with plaintiff on a prior call in 2006 regarding a domestic disturbance incident [*Id.* at 19:1–20:22].

After Officer Selby returned from cleaning up, Officer Tedford showed her a photo lineup [*Id.* at 17:6–10]. The lineup consisted of six individual's photos, selected from a software program [*Id.* at 18:10–24]. Seconds after reviewing the lineup, Officer Selby identified plaintiff

3

as being the person from whom she purchased what she thought to be crack cocaine [*Id*. at 18:4–9]. Testing conducted by the Tennessee Bureau of Investigation Knoxville Crime Laboratory, however, revealed that the substance at issue was not a controlled substance [Doc. 36-4].

Plaintiff's case was presented to the Anderson County grand jury, who found probable cause existed to charge the defendant with the sale of a counterfeit controlled substance [Docs. 36-5, 36-6]. The Anderson County grand jury returned a true bill indictment, finding plaintiff, on April 17, 2007, "did then and there unlawfully and intentionally sell a substance which was represented to be a controlled substance, to wit: cocaine, a Schedule II substance" [Doc. 5]. A writ of criminal capis was issued on August 17, 2007, which commanded that plaintiff be arrested [Doc. 6]. Plaintiff was arrested on August 18, 2007, and posted bond fourteen days later [Doc. 6; Doc. 36-8 63:7–64:16; Doc. 16 ¶¶ 10, 14]. The charge against him was dismissed on May 1, 2009 [Doc. 16 ¶ 14].

During this time, Brad Jenkins supervised the Oak Ridge Police Department narcotics unit [Doc. 36-9 6:2–4]. Over seventy different buys were made during the course of Operation Crackdown, which resulted in over forty arrests [Doc. 36-9 6:8–15]. None of the defendants arrested made contact with plaintiff [Doc. 36-8 13:15–25, 64:11–24, 84:17–85:2; Doc. 37 ¶ 3; Doc. 38 ¶ 3; Doc. 36-7]. Officer Tedford and Brad Jenkins have met all of their required forty hours of annual in-service training required for police officers by the POST commission and the State of Tennessee [Doc. 37 ¶ 4; Doc. 38 ¶ 4].

4

Plaintiff has never been to a police academy, and has no police training [Doc. 36-8 22:13–17]. Plaintiff has no knowledge of the policies and procedures of the Oak Ridge Police Department [*Id*. at 22:18–25]. Further, plaintiff has no knowledge about any of the defendants' police training, nor what transpired during the grand jury proceedings that lead to his indictment [*Id*. at 23:7–15, 114:11–14].

## II. Analysis

### A. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine

5

issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### B. Plaintiff's § 1983 Claims

In support of their contention that plaintiff has no viable claim pursuant to § 1983, defendants argue that the claims are without merit, time barred, unsupported by the law, and should be denied [Doc. 39].[2] The Court observes that plaintiff's § 1983 claim consists of a false-arrest claim and a malicious-prosecution claim. Although defendants do not analyze the claims separately, the Court notes that defendants' arguments support dismissal of each.

---

[2]Defendants also argue that plaintiff's claims that the City of Oak Ridge violated his rights due to a failure to have policies in place that would have prevented his alleged false arrest are without merit and unsupported by the evidence; that the individually named defendants are entitled to qualified immunity; that the Oak Ridge Police Department is not an entity capable of being sued; and that plaintiff's state law claims for false arrest, assault, invasion of privacy, malicious prosecution, and emotional distress are without merit [*See* Doc. 39]. The Court, however, need not address these arguments in light of its analysis herein.

6

### 1. False Arrest

"The statute of limitations applicable to a § 1983 action is the statute of limitations applicable to personal actions under the law of the state in which the § 1983 claim arises." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). The one-year limitations period set forth in Tenn. Code Ann. § 28-3-104(a)(3) applies in this case. *See id.*

"The date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Id.* at 635 (citation omitted). "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (citation omitted). "[I]n determining when the cause of action accrues in [§] 1983 actions, [courts look] to what event should have alerted the typical lay person to protect his or her rights." *Id.* (citations omitted). With respect to § 1983 false-arrest claims, "where the arrest is followed by criminal proceedings, [the statute of limitations] begins to run at the time the claimant becomes detained pursuant to the legal process." *Fox v. Desoto*, 489 F.3d 227, 233–35 (6th Cir. 2007) (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). This typically means that the claim accrues "at the time of arrest, or at the latest, when detention without legal process ends." *Id.* (citation omitted).

Plaintiff was arrested on August 18, 2007, and taken into custody [Doc. 16]. He was held in the Anderson County jail for fourteen days before making bond [*Id.*]. Thus, at the latest, plaintiff's § 1983 false-arrest claim accrued on August 31, 2007 (i.e., fourteen days after August

18, 2007). Plaintiff did not commence his lawsuit until May 3, 2010 [Doc. 1-1]. Hence, his § 1983 false-arrest claim is time-barred and will be dismissed.

### 2. Malicious Prosecution

"The Sixth Circuit recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (alteration in original) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)) (internal quotation marks omitted). "To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove" four elements. *Id.* The plaintiff must show: (1) "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute'"; (2) "that there was a lack of probable cause for the criminal prosecution"; (3) "that, 'as a consequence of a legal proceeding,' the plaintiff suffered a 'deprivation of liberty,' as understood in our Fourth Amendment jurisprudence, apart from the initial seizure"; and (4) that "the criminal proceeding must have been resolved in the plaintiff's favor." *Id.* at 308–09 (alterations in original and citations omitted).

With respect to the second element, the issuance of an indictment by a grand jury conclusively determines the existence of probable cause. *Barnes*, 449 F.3d at 716. There is an exception, however, where a plaintiff is able to demonstrate that defendant police officers knowingly presented false testimony to the grand jury. *Cook v. McPherson*, 273 F. App'x 421, 424 (6th Cir. 2008). Here, the Anderson County grand jury issued an indictment, which is

Case 3:10-cv-00230-TAV-HBG   Document 46   Filed 09/22/11   Page 8 of 9   PageID #: 365

attached to defendants' motion for summary judgment [Doc. 36-5], and there is no contention in response to defendants' motion that any false testimony was presented to the grand jury.[3] Thus, plaintiff's § 1983 claim for malicious prosecution must fail.

### C. Plaintiff's State-Law Claims

Because the Court concludes that plaintiff's § 1983 claims must be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367. They will be remanded to state court.

## III. Conclusion

For the reasons explained herein, the Court finds summary judgment warranted with respect to plaintiff's § 1983 claims. Further, because the claims over which the Court has original jurisdiction will be dismissed, the remaining state-law claims will be remanded to state court.

ORDER ACCORDINGLY.

                                                s/ Thomas A. Varlan
                                                UNITED STATES DISTRICT JUDGE

---

[3]The Court recognizes that plaintiff previously suggested that Officer Tedford provided false testimony to the grand jury [Docs. 41, 42]. Plaintiff's suggestion, however, lacked any support [*See* Doc. 44].